UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.:   3:22-CV-399-RGJ

| | |
|---|---|
| ANN RAYMER | ) |
| TERRY RAYMER | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| CVS PHARMACY, INC. | ) |
| CVS HEALTH SOLUTIONS, LLC, AND | ) |
| KENTUCKY CVS PHARMACY, LLC | ) |
| | ) |
| Defendants, | ) |
| | ) |

## NOTICE OF REMOVAL

Comes now the Defendants, CVS Pharmacy, Inc., CVS Health Solutions, LLC, and Kentucky CVS Pharmacy, LLC ("Defendants")[1], by and through undersigned counsel, and for their Notice of Removal of this action from the Jefferson Circuit Court for the Commonwealth of Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully state as follows:

1.      That on or about July 8, 2022, the Plaintiffs, Ann Raymer and Terry Raymer ("Plaintiffs"), initiated this action by filing a Complaint in the Jefferson Circuit Court, Civil Action No. 22-CI-003455, against CVS Pharmacy, Inc., CVS Health Solutions, and Kentucky CVS Pharmacy, LLC. This medical malpractice action arose when the Plaintiff was allegedly unable to obtain her prescription medication from the Defendant after having had operative surgery on her

---

[1] Kentucky CVS Pharmacy, LLC is the only correct Defendant in this matter based on Plaintiffs' allegations. Named Defendants CVS Pharmacy, Inc. and CVS Health Solutions, LLC were improperly sued.

right eye. *See generally* Pls.' Compl. The Plaintiffs subsequently claim that this alleged failure to have her medication ready within a reasonable time constituted a breach of duty to exercise reasonable care by the Defendant, resulting in the loss of the Plaintiff's right eye. *See generally* Pls.' Compl. Thereafter, on July 8, 2022, Plaintiffs filed their Complaint against CVS Pharmacy Inc., CVS Health Solutions, LLC, and Kentucky CVS Pharmacy, LLC ("Defendants"), arising from the same alleged malpractice. *See generally* Pls.' Compl.

2.      Plaintiffs' Complaint asserts negligence claims sounding in medical malpractice against Defendants. Copies of all process and pleadings in said action are attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit A**.

## TIMELINESS OF REMOVAL

3.      Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

4.      Service of the initial pleading in this matter occurred on July 14, 2022. Accordingly, this notice of removal is timely because less than thirty (30) days have elapsed since service of the initial pleading setting forth Plaintiffs' claims.

## VENUE

5.      Venue for this removal action is proper in this Court pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(a)(2) and 3.2(b) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky because the United States District Court for the Western District embraces the place in which the removed action was

pending—Jefferson County—and the Louisville Division is the specific appropriate venue for this action.

## BASIS FOR REMOVAL

6.      Pursuant to 28 U.S.C. §§ 1332 and 1367, and as expounded below, removal of this matter is proper on the basis of diversity jurisdiction, as there is complete diversity between Plaintiffs and the proper Defendant, Kentucky CVS Pharmacy, LLC, and, upon information and belief, the amount in controversy exceeds $75,000.00.

## DIVERSITY OF CITIZENSHIP

7.      The Plaintiffs, upon information and belief, are residents of the Commonwealth of Kentucky.

8.      Defendants CVS Pharmacy, Inc. and CVS Health Solutions, LLC, are not proper entities to this suit.

9.      The proper Defendant, Kentucky CVS Pharmacy, LLC, is a Limited Liability Company with all of its members residing in Rhode Island.

10.     For purposes of diversity jurisdiction, "[t]he general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, Defendant Kentucky CVS Pharmacy, LLC is a citizen of Rhode Island for purposes of diversity jurisdiction because it is a limited liability company and all its members reside in Rhode Island.

11.     Complete diversity exists between the parties in this matter pursuant to 28 U.S.C. § 1332 (a) and (c) because there is diversity of citizenship between Plaintiff and Kentucky CVS

Pharmacy, LLC.  Although they are not proper parties, diversity also exists between Plaintiff and improperly named Defendants CVS Pharmacy, Inc. and CVS 6940, LLC.

## <u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00</u>

12.    Upon information and belief, the amount in controversy in this case exceeds $75,000.00, excluding interest and costs. Plaintiffs are seeking compensatory damages, including past and future medical expenses, physical and mental pain and suffering, past and future lost wages, and impairment of her ability to labor and earn money. Pls.' Compl. ¶ 26. Moreover, the Plaintiffs seek compensation for the loss of spousal consortium. Pls.' Compl. ¶ 27. Plaintiffs have placed no limitation on her prayer for relief and has otherwise refused to stipulate that her alleged damages do not exceed $75,000.00. As such, it is apparent that the amount in controversy exceeds the minimum jurisdictional amount.[2]

13.    A true and accurate copy of Defendants' Notice of Removal was filed with the Clerk of Court of the Jefferson County Circuit Court today.

WHEREFORE, the Defendants, CVS Pharmacy Inc., CVS Health Solutions, LLC, and Kentucky CVS Pharmacy, LLC, respectfully remove this action from the Jefferson County Circuit Court to this Court for all other appropriate procedures.

Respectfully submitted,

**REMINGER CO., L.P.A.**

/s/ Robert A. Ott
Robert A. Ott, Esq. #91927

---

[2] If Plaintiffs dispute that the amount in controversy exceeds the minimum jurisdictional amount, she is requested to swear or affirm under oath that she will neither see, attempt to prove, nor accept any judgment in an amount at or above the jurisdictional minimum. *See Del Real v. HealthSouth Corp.*, <u>171 F. Supp. 2d 1041, 1043</u> (D. Ariz. 2001) (holding that plaintiff's refusal to sing a binding stipulation that he would not seek, accept or collect more than $75,000.00 was evidence that plaintiff was seeking an amount in excess of the jurisdictional requirement).

730 West Main Street, Suite 300
Louisville, KY  40202
(502) 584-1310 - Telephone
(502) 589-5436 - Facsimile
rott@reminger.com
**Counsel for Defendant, CVS Pharmacy, Inc., CVS Health Solutions, LLC, and Kentucky CVS Pharmacy, LLC**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was filed electronically on August 3, 2022 and a notice of electronic filing will be sent to all counsel of record and a copy will be sent via electronic mail to:

Nicholas Craddock
John E. Abaray
Patrick J. Smith
**ABARAY, CRADDOCK, & SMITH, PLLC**
12800 Townepark Way, Ste. 202
Louisville, KY 40243
**Counsel for Plaintiff**

/s/ Robert A. Ott
Robert A. Ott, Esq.